UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| NOEL A. CUMMINGS, | : | CASE NO.: 1:14-CV-01729 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 60] |
| GREATER CLEVELAND REGIONAL TRANSIT AUTHROITY, et al., | : |  |
|  | : |  |
| Defendants, | : |  |
|  | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 4, 2015, Plaintiff Noel A. Cummings and Defendant Greater Cleveland Regional Transit Authority settled their employment dispute.[1] Plaintiff Cummings now moves the Court to vacate the settlement agreement and reinstate her complaint.[2] For the reasons below, this Court **DENIES** Plaintiff Cummings' motion.

## I. Background

On August 5, 2016, Plaintiff Cummings filed a motion to review her settlement agreement with Defendant Greater Cleveland Regional Transit Authority, arguing that its terms conflict with the definition of "earnable salary" under Ohio Revised Code § 145.01 (R)(2)(h).[3] The Court denied the motion, citing lack of an actual case or controversy as well as a lack of jurisdiction.[4] Since then, the Ohio Public Employees Retirement System ("OPERS") has determined that the terms of the settlement agreement violate Ohio Rev. Code § 145.01 and Ohio Admin. Code § 145-1-

---

[1] Doc. 43.
[2] Doc. 60. Plaintiff Cummings' former counsel, Harvey Abens Iosue Co., LPA, and Defendants both oppose the motion. Docs. 61, 62. Plaintiff replied. Doc. 63.
[3] Doc. 55.
[4] Doc. 59.

Case No. 1:14-CV-01729
Gwin, J.

26(H)(1).[5] Plaintiff now moves to vacate the Court's February 4, 2015 dismissal order,[6] rescind the settlement agreement, and reinstate her complaint.[7]

## II.     Legal Standard

Under Federal Rules of Civil Procedure 60(b)(1), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" in the case of "mistake, inadvertence, surprise, or excusable neglect."[8] A 60(b)(1) motion must be made "no more than a year after the entry of the judgment or order" in the case.[9] "[T]he party seeking to invoke [Fed. R. Civ. P. 60(b)] bears the burden of establishing that its prerequisites are satisfied."[10]

"[O]nly the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement."[11] A unilateral mistake does not warrant rescission of an agreement.[12]

## III.     Discussion

Plaintiff's motion fails for two reasons. First, Plaintiff's motion is untimely.[13] Plaintiff's Rule 60(b)(1) motion must have been filed within one year of this Court's February 4, 2015 order.[14] Plaintiff did not file her motion until August 29, 2016,[15] nearly seven months late.

Second, even if Plaintiff's motion were timely, Plaintiff made a unilateral rather than a mutual mistake in entering the settlement agreement. Arguably, Plaintiff mistakenly believed that

---

[5] Doc. 60-1.
[6] Doc. 43.
[7] Doc. 60.
[8] Fed. R. Civ. P 60(b)(1).
[9] *Id*. at (c)(1).
[10] *McCurry ex rel. Turner v. Adventist Health System/SunbeltInc.*, 298 F.3d 586, 592 (6th Cir. 2002).
[11] *Brown v. Cty. of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989).
[12] *Id*.
[13] Plaintiff and Defendant initially appear to disagree over whether Plaintiff's motion is a Rule 60(b)(1) or (b)(5) motion. Doc. 60 at 5; Doc. 62 at 3. The one-year time bar applies only to Rule 60(b)(1) motions. Fed. R. Civ. P 60(c)(1). In Plaintiff's reply, she does not dispute that her motion falls under Rule 60(b)(1), but argues that it is timely nonetheless. Doc. 63 at 2.Regardless of the parties' positions, the Court finds that Plaintiff's motion is premised on a mistake of law and is therefore subject to Rule 60(b)(1)'s one-year limitation.
[14] Doc. 43; Fed. R. Civ. P 60(c)(1).
[15] Doc. 60.

Case No. 1:14-CV-01729
Gwin, J.

her settlement agreement monthly payments would be "earnable salary" and would therefore allow her to achieve 30 years of total service credit in order to retire.[16] OPERS determined—a year and a half later—that the payments are not earnable salary under Ohio law.[17] Defendant did not make this decision. Plaintiff claims that this new information invalidates the settlement agreement.

But "ignorance of the law [is an] insufficient bas[i]s for 60(b)(1) relief."[18] Plaintiff, who retained counsel specifically to review the settlement agreement,[19] was responsible for confirming whether settlements payments would qualify as "earnable salary."[20] She cannot now "avoid the consequences of [her] decision to settle the litigation . . . [because] it subsequently develop[ed] that the choice was unfortunate."[21] Because Plaintiff's mistake was unilateral, no 60(b) relief is available.[22]

### IV.    Conclusion

For the reasons above, this Court **DENIES** Plaintiff Cumming's motion.

IT IS SO ORDERED.

Dated:  September 28, 2016                   *s/         James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[16] *See* Doc. 60 at 3.
[17] Doc. 60-1.
[18] *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 684–85 (6th Cir. 1999) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993)).
[19] Doc. 60-5 (Plaintiff's February 20, 2015 engagement letter for representation by Attorney Lawrence Mays to "provide [] advice and counsel on a Settlement Agreement and Release with Greater Cleveland Regional Transit Authority").
[20] *Hill v. Ohio State Univ.*, 870 F. Supp. 2d 526, 533 (S.D. Ohio 2012) (finding a unilateral mistake where "Plaintiff was represented by competent counsel" during settlement negotiations who could have confirmed that "payments made in consideration of retirement are not considered compensation").
[21] *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983).
[22] *Brown*, 872 F.2d at 174; *see also Hill*, 870 F. Supp. 2d at 533.