```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
NOEL A. CUMMINGS,                           :   CASE NO.: 1:14-CV-01729
                                            :
         Plaintiff,                         :
                                            :
    v.                                      :   OPINION AND ORDER
                                            :   [Resolving Doc. 65]
GREATER CLEVELAND REGIONAL                  :
TRANSIT AUTHROITY, et al.,                  :
                                            :
         Defendants.                        :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 4, 2015, Plaintiff Noel A. Cummings and Defendant Greater Cleveland Regional Transit Authority ("GCRTA") settled this employment discrimination case.[1] On August 29, 2016, Plaintiff Cummings moved to vacate the settlement agreement and reinstate her complaint.[2] On September 28, 2016, this Court denied Plaintiff's motion.[3]

On October 22, 2016, Plaintiff Cummings filed a motion for reconsideration of this Court's denial of her motion to vacate.[4] For the reasons below, this Court **DENIES** Plaintiff Cummings' motion.

### I.  Background

On August 5, 2016, Plaintiff Cummings filed a motion to review her settlement agreement with Defendant Greater Cleveland Regional Transit Authority ("GCRTA"), arguing that its terms conflict with the definition of "earnable salary" under Ohio Revised Code § 145.01 (R)(2)(h).[5] The Court denied the motion, citing lack of an actual case or controversy as well as a lack of

---

[1] Doc. 43.
[2] Doc. 60.
[3] Doc. 64.
[4] Doc. 65. Plaintiff Cummings' former counsel, Harvey Abens Iosue Co., LPA, and Defendants both oppose the motion. Docs. 66, 68. Plaintiff has also appealed this Court's denial of her motion to vacate the settlement. Doc. 67.
[5] Doc. 55.

Case No. 1:14-CV-01729
Gwin, J.

jurisdiction.[6] Since then, the Ohio Public Employees Retirement System ("OPERS") has determined that Cummings should not receive OPERS credit for a period of suspension agreed to in the settlement agreement, Ohio Rev. Code § 145.01 and Ohio Admin. Code § 145-1-26(H)(1).[7]

After the OPERS determination, Plaintiff Cummings moved to vacate the settlement agreement and reinstate her complaint.[8] The Court denied Plaintiff's motion because it (1) was untimely under Federal Rules of Civil Procedure 60(b)(1) and (c)(1); and (2) failed on the merits.[9]

Plaintiff Cummings now moves the Court to reconsider its decision.[10] She argues that reconsideration is appropriate because her counsel and Defendants fraudulently induced her to enter the settlement agreement, the parties made a mutual mistake in entering the agreement, and enforcement of the agreement would no longer be equitable.[11]

## II. Legal Standard

The Federal Rules of Civil Procedure do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.[12] Orders granting motions for reconsideration are extraordinary and are seldom granted because they contradict notions of finality and repose.[13]

A court may grant a motion to amend or alter a judgment "to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or

---

[6] Doc. 59.
[7] Doc. 60-1.
[8] Doc. 60.
[9] Doc. 64.
[10] Doc. 65.
[11] *Id.*
[12] *Basinger v. CSX Transp., Inc.*, 91 F.3d 143, 1996 WL 400182, at *2 (6th Cir. July 16, 1996) (unpublished table opinion); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).
[13] *See Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Case No. 1:14-CV-01729
Gwin, J.

otherwise prevent manifest injustice."[14] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[15]

### III. Discussion

The Court declines to reconsider its September 28, 2016 decision denying Plaintiff Cummings' request to vacate the settlement agreement under Federal Rules of Civil Procedure 60(b)(1).[16] Cummings does not show a clear error of law, present new evidence,[17] or demonstrate manifest injustice if the Court's order remains intact. Instead, she presents largely the same arguments included in her original motion.[18]

At bottom, Plaintiff Cummings argues that the settlement agreement was based on a mutual mistake —a belief by both parties that a work suspension agreed to in the settlement agreement would satisfy Ohio law's definition of "earnable salary."[19] However, Plaintiff Cummings defeats her own argument within her motion to reconsider.

Plaintiff Cummings argues that both her counsel and Defendant GCRTA fraudulently induced her into entering the settlement agreement.[20] She says that her lawyer and Defendant

---

[14] *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

[15] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

[16] Plaintiff Cummings argues that her original motion to vacate the settlement should have been considered under Fed. Rule Civ. P 60(b)(5-6), such that the one-year time bar under Fed. Rule Civ. P. 60(c)(1) would not apply. *See* Doc. 65 at 9. But, as the Court stated in its September 28, 2016 order, her argument is based on a mistake of law. Doc. 64 at n. 13. Therefore, Fed. Rule Civ. P. 60(b)(1) and the accompanying one-year time bar apply, thereby making Plaintiff's original motion untimely. And, regardless of the motion's timeliness, it fails on the merits.

[17] Plaintiff Cummings cites various emails in her motion to reconsider as evidence of her fraud claim. Doc. 65 at 2-4. As these emails were attached to her initial motion to review the settlement agreement, Doc. 55-1, they are not "newly discovered evidence" and do not support reconsideration. *See* Doc. 65 at 2 n.1.

[18] *Compare* Doc. 60 *with* Doc. 65.

[19] *See* Doc. 65.

[20] Doc. 65 at 6.

-3-

Case No. 1:14-CV-01729
Gwin, J.

"were both well-aware at the time of the offer, that certain of its terms were non-compliant with the [Ohio Revised Code] with respect to earnable salary."[21]

The settlement agreement was not contingent on a favorable determination from OPERS. GCRTA made no promises to Cummings about how OPERS would treat the wages. Defendant Greater Cleveland RTA did not represent or warrant that OPERS would deem the settlement to be "earnable salary" under OPERS. Cummings does not show a mutual mistake.

Even assuming that Cummings' lawyer and Defendant GCRTA had both known that the agreement did not comply with Ohio law, no mutual mistake occurred. Instead, only Plaintiff Cummings was mistaken as to the settlement agreement's validity. A unilateral mistake does not support Rule 60(b)(1) relief.[22]

Because Plaintiff Cummings renews an argument already rejected by this Court in its original order, reconsideration is not appropriate. Therefore, for the reasons above, this Court **DENIES** Plaintiff Cumming's motion.

IT IS SO ORDERED.

Dated: November 8, 2016                    *s/         James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[21] *Id.*
[22] *Brown v. Cty. of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989); *see also Hill v. Ohio State Univ.*, 870 F. Supp. 2d 526, 533 (S.D. Ohio 2012).

-4-